IN RE PETITION OF RUDOLPH E. SANDEY AND
OTHERS v. JOHN STIMMLER AND ANOTHER.

230 N. W. 2d 599.

June 6, 1975—No. 45190.

*Byron W. McCullagh,* for appellants.

PER CURIAM.

Petitioners appeal from an order of the Sherburne County District Court denying their motion for a new trial. Petitioners brought this proceeding subsequent to title registration to remove rights of reversion forfeiture, and reentry based upon restrictions contained in the deeds and certificates of title to certain real estate of which they are

fee owners. The district court denied relief and ordered the petition dismissed.

Petitioners acquired the property from respondents, the developers of these lots and 45 others which comprise Hi-Lo Park on Rush Lake. Identical restrictions and rights of reversion, forfeiture, and reentry were included in all the conveyances of the tracts of land in the Hi-Lo Park development. Respondents have conveyed all of the lots in Hi-Lo Park.

Petitioners argue that since respondents no longer own property benefited by the restrictions, the exclusive right of reentry has become nominal and should be removed from the certificates of title of the subject property. Suffice it to say that such an argument overlooks the obvious policy underlying Minn. St. 500.16[1] which makes rights of reentry freely alienable.

We have carefully reviewed the record herein and find that the order of the district court must be affirmed.

Affirmed.

---

[1] Minn. St. 500.16 provides as follows: "Expectant estates are descendible, devisable, and alienable in the same manner as estates in possession; and hereafter contingent rights of reentry for breach of conditions subsequent, and rights to possession for breach of conditions subsequent after breach but before entry made, and possibilities of reverter, shall be descendible, devisable, and alienable in the same manner as estate in possession."